the collateral fact that a copyright was taken out.

A. Sidney Biddle, contra.

The demurrer admits the facts, and among them the allegation that the original contract was the actual subsisting one, for the bill denies any alteration in the terms of that agreement. Admits this, and the necessary inference is that the right to copyright was Haworth's. It was just as much his, on these admitted facts, as if, after delivery and payment in full, a stranger had stolen a copy and had it copyrighted, falsely pretending that the work was his property. Would this court have entertained jurisdiction in such a case on a bill filed by the true owner? If it would, it should do so here. The fact of a dispute about the terms of the contract is immaterial, for the pleadings show an admission of the true contract by the defendant, and upon those pleadings Nystrom should be regarded as an utter stranger who had purloined a copy and copyrighted it without color of title.

BUTLER, District Judge. The only case set out in the bill, as we understand it is that predicated on the defendant's failure to perform his contract therein stated, and as both parties reside in Pennsylvania, this court has no jurisdiction of that.

The argument that the plaintiff may be regarded as standing on the copyright named as owner thereof, seeking relief against the defendant for infringement, is very ingenious, but cannot be accepted as sound. The demurrer must be sustained and the bill dismissed, without prejudice.

———

HAWORTH (PARKER v.). See Case No. 10,738.

HAWS (HAMMOND v.). See Case No. 6,002.

HAWSMAN (SCOTT v.). See Case No. 12,532.

HAWTHORNE (UNITED STATES v.). See Case No. 15,332.

HAWXHURST (WALKER v.). See Case No. 17,071.

———

## Case No. 6,252.

### In re HAY.

[6 Chi. Leg. News, 256.]

District Court, N. D. Illinois. 1874.

**HUSBAND AND WIFE — RIGHT OF WIFE TO EARNINGS—ILLINOIS STATUTE.**

[1. A married woman is entitled, under the Illinois statute of 1869, to retain as her own, commissions earned in making sales for her husband, under a contract of agency with him.]

[2. The provision in the statute that it shall not be construed to give the wife any right to compensation for any labor performed for her husband or minor children, is inapplicable to cases where there is a special agreement between the husband and wife.]

In the matter of the bankruptcy of Jonathan Hay, of Freeport, Ill. On the petitions of Elizabeth and Ada Hay, wife and daughter of the bankrupt, for a return of an upright Steinway piano and several articles of personal property, which they claim as their private property, and which were taken under a warrant of seizure against the estate of the bankrupt.

Alta M. Hulett, for Mrs. and Miss Hay.

John M. Bailey represented the bankrupt's assignee.

Held by BLODGETT, District Judge:

That it appears clearly and conclusively from the evidence that Elizabeth Hay had been doing business separate and apart from the business of her husband for several years; that that business depended for its success upon Mrs. Hay's individual skill and energy, and consisted principally in the sale of sewing machines and musical instruments; that she had been remarkably successful in business, and by her energy, enterprise, and business tact, acquired credit in her business; that it was notorious that she was carrying on an independent business, and that she had supported not only herself and children, but her husband also, her husband having shown no remarkable ability in any direction except in the way of contracting debts. Mrs. Hay had also been for several years the owner of the homestead occupied by her family, and the title stood in her name. In the beginning of the year 1869 Jonathan Hay was indebted in large amounts, and all of Mrs. Hay's private property, acquired by her individual skill and labor, was sold to satisfy the claims of her husband's creditors, as prior to the year 1869 the earnings of the wife belonged absolutely to the husband.

In 1869 the law was passed giving to married women their earnings absolutely. And Mrs. Hay again went to work. Her husband had no property whatever, and had made a failure of every business which he had undertaken. In the fall of 1871 Mr. Hay desired to open a music store, and to enable him to do so Mrs. Hay furnished him $1,000— money which she had borrowed, giving a trust deed on her house to secure its payment. When Mr. Hay went into business, Mrs. Hay acted as his agent in the sale of sewing machines and musical instruments; and there was an express understanding and agreement that she should receive a specified commission on each sale made by her. The court remarked that this understanding was unnecessary, as the law gave her earnings with or without the husband's consent, and that the transactions must be regarded as if made by Jonathan Hay with a third party. The court also held that the proviso to the act of 1869, "This act shall not be construed to give the wife any right to compensation for any labor performed for her hus-

band or minor children," did not affect the questions in this case, but was only applicable to cases where there was no special agreement between a husband and wife as to her compensation, but that she having the right to her earnings could agree to work for her husband about his business as well as for a stranger. In July, 1873, Mrs. Hay purchased of her husband ten sewing machines, paying him therefor $500 in cash, the money paid being borrowed on Mrs. Hay's individual credit, of a relative. The court said that, as there was no fraud alleged, none could be presumed, and that the purchase was fair and open, made in the usual course of business, and must be so regarded. He, therefore, was of opinion that the property belonged to Mrs. Hay, and an order was entered directing the assignee to return it to her. This decision is important, as the question whether a married woman was entitled to compensation for services performed for her husband as agent has never before been judicially passed upon.

## Case No. 6,253.

In re HAY et al.

[2 Lowell, 180; [1] 7 N. B. R. 344.]

District Court, D. Massachusetts. Oct., 1872.

BANKRUPTCY — DESIGNATION OF MONEY AS "NECESSARIES."

The assignee in bankruptcy may designate a sum of money as "necessaries," under section 14 of the act [of 1867 (14 Stat. 522)].

[Cited in Re Thompson, Case No. 13,938.]

[In bankruptcy. In the matter of Ira Hay and others.]

A. V. Lynde, for bankrupt.
Boardman & Blodgett, for assignee.

LOWELL, District Judge. The question presented in this case is, whether the assignee has power to allow the bankrupt any part of a sum of money which was in the possession of the latter as his separate property when the joint petition was filed. Section 14 excepts from the operation of the assignment the necessary household and kitchen furniture, and such other articles and necessaries of such bankrupt as the assignee shall designate and set apart; having reference in the amount to the family, condition, and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of $500, &c. In Thornton's Case [Case No. 13,994], arising in the Cape Fear district of North Carolina, it was held that money might be set apart. Brooks, J., considered the purpose of the law to be to furnish temporary support to honest bankrupts, whose property had been all surrendered to their assignee; and that this object would be defeated in

some most meritorious cases, if money could not be considered a necessary. In two other cases the contrary has been held, on the ground, as I understand, that "articles and necessaries" must be taken to refer to things ejusdem generis with household and kitchen furniture, such as fuel and provisions. In re Lawson [Id. 8,149]; In re Welch [Id. 17,366].

I am of opinion that a fair construction of the act may include money as necessaries, for the reasons given by Judge Brooks. The law intends to encourage a full disclosure and surrender of all property, and to provide for the immediate wants of the bankrupt, whether he happens to be a householder or not; and that an insolvent should by accident or design have acquired a full stock of necessary furniture, fuel, provisions, and the like, should put him in no better situation than one, with equal needs, who has not had equal foresight or good fortune. Considering the intent of the statute, I am of opinion that money necessary for the support of the bankrupt is within its terms. Under a statute giving the admiralty court jurisdiction of suits for necessaries supplied to a foreign ship, money lent to the master to buy necessary supplies has been held within the law, not by subrogation, but as being described by the language. The Sophie, 1 W. Rob. Adm. 368; The Onni, Lush. 154. True, the assignee cannot see that the money is applied to the purchase of necessaries; but in case of the need which the law supposes will be proved by him to exist, and which it refers to in speaking of the condition and circumstances of the bankrupt, it may be presumed that the sum supplied will go to his use and that of his family.

The most decisive authority remains to be cited. The bankrupt act of 1841, § 3, [5 Stat. 440], was identical with the act of 1867, so far as this case is concerned, the one being literally copied from the other; and Mr. Justice Story decided that the assignee could set apart a sum of money to a bankrupt, wherewith to pay his board and that of his family. In re Grant [Case No. 5,693]. He further held that the court could not make the allowance in the first instance, for that it was wholly within the authority of the assignee; subject, of course, to an appeal to the court, though the learned judge does not mention that, but it is provided for in that statute as in this.

I give no opinion whether the condition and circumstances of the bankrupt in this case will require the assignee to set apart any, and if any what, sum of money; but decide that this matter must first be determined by him, subject to my final decision if his determination should be excepted to.

I do not mean to say that this question of fact and discretion might not be submitted to the court by consent of both parties; but I do not understand it to have been so submitted in this case.

Ordered: that the assignee may designate

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]